UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **No. 3:06CR-158(PCD)** |
| | : | |
| | : | **Related to** |
| v. | : | |
| | : | **No. 3:05-CR-29 (SRU)** |
| | : | |
| STANLEY SHENKER | : | June 8, 2006 |

**GOVERNMENT'S NOTICE OF RELATED CASE**

The United States of America respectfully notifies the Court that the above-captioned matter

is related to another case involving a cooperating defendant, James Bell, which was previously

randomly assigned by the Clerk's Office on or about February 10, 2005 to Judge Stefan R. Underhill.

See United States v. James Bell, 3:05-CR:00029(SRU).   On June 6, 2006, long after the Bell case

was randomly assigned to Judge Underhill, a federal grand jury in Bridgeport, Connecticut, returned

a four-count indictment against defendant Stanley Shenker, alleging the following offenses:

conspiracy and interstate transportation of monies obtained by fraud.   The Shenker indictment also

references James Bell as an unindicted coconspirator.   The Shenker matter was randomly assigned

to Judge Peter C. Dorsey.

Both Bell and Shenker are implicated in the same criminal activity: Shenker paying Bell

illegal kickbacks, and the two conspiring to defraud Bell's employer, World Wrestling Entertainment

Inc. ("WWE") of money and property.   Bell pled guilty to one count of mail fraud before Judge

Underhill involving this precise criminal conduct, entered a cooperation agreement at that time, and

has been providing information concerning defendant Shenker.   In light of the cooperation

agreement, Judge Underhill has delayed Bell's sentencing on several occasions on the expectation

that Bell might at some point in the future testify at Shenker's trial.    Judge Underhill will

presumably assess the value of Bell's cooperation and Bell's relative culpability after observing both

Bell and Shenker at Shenker's trial.

This Court's "related case" policy calls for the prosecution or defense to identify, for the

benefit of the Court, when cases are "related," at which point the judges presiding over the earlier

and later cases shall consult to determine whether the cases are, in fact, related. See Memorandum

of Chief Judge Alfred V. Covello ("Re: Assignment of Criminal Cases") at ¶4 (Dec. 10, 1999).

Assignment of a new related case to the judge presiding over an earlier case occurs  "after that judge

determines that the cases are, in fact, related."   To avoid forum shopping and potential disparate

sentences, the standard practice is for the original judge to retain the case.   For reasons of judicial

economy and in accordance with the Court's "related case" policy, the Government respectfully

recommends following the standard protocol and that the matter involving Bell, which has been

pending sentencing before Judge Underhill for over one year,  and the matter involving defendant

Shenker, which has recently been assigned to Judge Dorsey, be assigned to Judge Underhill, the

original judge who has been handling the matter.

The Government has informed Andrew Bowman, Esq., counsel for Mr. Shenker, that the

Government, in keeping with its standard related case policy, will seek to have the Shenker matter

assigned to Judge Underhill as a related case.  Attorney Bowman has now indicated that he will

oppose standard reassignment of the Shenker matter as a related case.    Attorney Bowman has

asserted that one ground for such opposition might be that Stanley A. Twardy, Jr., Esq. of Day, Berry

& Howard LLP  ("Day Berry"), a former partner of Judge Underhill, represents the victim WWE as

local counsel in a pending state court matter involving Mr. Shenker and that Attorney Twardy could

somehow be a potential witness.[1]

While it is entirely unclear in what context Attorney Twardy would be a witness, the issue of Attorney Twardy's representation of the victim in the civil litigation was originally raised by the Government at the time of Bell's guilty plea and the entry of Bell's cooperation agreement.  At that time, the Government informed the Court that Day Berry did not begin its representation of WWE until after Judge Underhill had taken the bench.  The Government has again confirmed with Attorney Twardy that the first matter where the firm represented the WWE (or its predecessor corporation) was not until March 24, 2000, significantly after Judge Underhill had left the firm and taken the bench which occurred in July 1999.  Judge Underhill previously held that the Court's handling of the Bell case did not raise an impermissible conflict or the need for recusal.

The Government is not aware of any other ground Shenker's counsel might seek to raise to oppose the typical reassignment of related cases to the judge who has long had the original matter. In fact, under the old system, which Judge Dorsey has openly lauded, the typical practice would be for the Government to bring this related matter directly to the original judge for his assessment of "relatedness" without involving the need for motion practice on this issue.

---

[1] The Government has no intention of calling Attorney Twardy as a witness and cannot possibly fathom why he would be a defense witness.    Moreover, even if the defense tried to make Attorney Twardy a witness, Judge Underhill can certainly be a judge in a jury trial in which a well known lawyer appears as a witness even though they may have been law partners at one time.

The Government is filing similar notices in each of the related cases involving Bell and

Shenker, and requests that the standard assignment process be followed in this case.

Respectfully submitted,


JOHN H. DURHAM
DEPUTY UNITED STATES ATTORNEY


/S/

RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL
Federal Bar No. CT 24238
915 Lafayette Boulevard
Bridgeport, CT 06604
Richard.Schechter@usdoj.gov
(203) 696-3049
(203) 579-5550 (Fax)


/S/

CHRISTOPHER W. SCHMEISSER
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT 14806
157 Church Street, 23d Floor
New Haven, CT 06510
Christopher.Schmeisser@usdoj.gov
(203) 821-3700
(203) 773-5378 (fax)

## CERTIFICATE OF SERVICE

A true and correct copy of the **GOVERNMENT'S NOTICE OF RELATED CASE** was forwarded this the 8th day of June, 2006 to the following counsel:


Andrew Bowman, Esq.
Counsel for defendant Stanley Shenker
1804 Post Road East
Westport, Connecticut 06880


John Williams, Esq.
Counsel for defendant James Bell
51 Elm Street, Suite 409
New Haven, Connecticut 06510


/S/_____
RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL