UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:05CR29(SRU) |
| | : | |
| | : | April 23, 2007 |
| v. | : | |
| | : | **FILED UNDER SEAL** |
| JAMES BELL | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. § 5K1.1**

On February 10, 2005, James Bell (the "defendant") waived indictment and pleaded guilty to violating 18 U.S.C. § 1341 by engaging in a mail fraud scheme to defraud his employer, World Wrestling Entertainment, Inc. ("WWE"). At the same time, the defendant executed a cooperation agreement with the Government. In light of the defendant's substantial assistance in the investigation of defendant Stanley Shenker (3:06CR158(SRU)) the Government respectfully requests that the court depart downward pursuant to U.S.S.G. § 5K1.1 from the defendant's applicable advisory Sentencing Guideline range of 30 to 37 months imprisonment.

The court currently has scheduled the defendant's sentencing for May 1, 2007 at 10:00 a.m.

**I.      FACTS**

The facts of the offense are well summarized in the Presentence Report and the Government does not repeat them here.

**II.     APPLICABLE LEGAL PRINCIPLES**

U.S.S.G. §5K1.1 provides in pertinent part that:

Upon motion of the government stating that the defendant has

1

provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

Id.

The decision whether to make a motion for downward departure rests with the Government.  See U.S.S.G. §5K1.1; Wade v. United States, 504 U.S. 181 (1992); see also Melendez v. United States, 518 U.S. 120 (1996); United States v. Gomez, 103 F.3d 249, 255 (2d Cir. 1997); United States v. Agu, 949 F.2d 63 (2d Cir. 1991); United States v. Khan, 920 F.2d 1100 (2d Cir. 1990); United States v. Rexach, 896 F.2d 710, 714 (2d Cir. 1990); United States v. Huerta, 887 F.2d 89, 93 (2d Cir. 1989).  The Court in Huerta observed that the question of "substantial assistance" is "self evidently a question that the prosecution is uniquely fit to resolve."  Huerta, 878 F.2d at 92.  Moreover, Application Note 3 to the Commentary to U.S.S.G. §5K1.1 provides that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance . . . ."  Id.; see also Gomez, 103 F.3d at 255; Rexach, 896 F.2d at 714.

U.S.S.G. § 5K1.1 instructs that in determining whether a sentencing reduction is appropriate the court should consider, *inter alia*, the following non-exclusive factors:

A. The court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

B. the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

C. the nature and extent of the defendant's assistance;

D. any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

E. the timeliness of the defendant's assistance.

### III. DISCUSSION

#### A. THE GOVERNMENT'S EVALUATION OF THE ASSISTANCE RENDERED

The defendant James Bell substantially assisted the Government's investigation and prosecution of Stanley Shenker ("Shenker"). No doubt, the defendant's cooperation and willingness to testify at Shenker's trial was certainly a factor that led Shenker to plead guilty prior to his scheduled January 2007 trial.

In light of the information that Bell provided, his willingness to make himself available to meet with agents and prosecutors before and after pleading guilty, and his assistance in reconstructing transactions involving Shenker and the kickback scheme to defraud WWE, the Government believes that Bell substantially assisted it in the investigation and prosecution of Shenker.

Because the kickback scheme only involved Bell and Shenker, Bell's agreement to cooperate provided the Government substantial information concerning the scheme that could only have been known to a participant in the scheme. Bell repeatedly explained conversations and transactions that he engaged in with Shenker, and repeatedly pointed out documents or other material that would corroborate his information.

#### B. THE TRUTHFULNESS, COMPLETENESS, AND RELIABILITY OF ANY INFORMATION PROVIDED BY THE DEFENDANT

In light of information available to the Government, the Government believes that Bell provided truthful, complete, and reliable information.

#### C. THE NATURE AND EXTENT OF THE DEFENDANT'S ASSISTANCE

Bell was interviewed numerous times both before and after he pled guilty as well as before and after Shenker was indicted in June 2006. During these sessions, Bell described his

relationship with Shenker, his conversations with Shenker that led to the kickback scheme to defraud WWE, his receipt of kickback payments from Shenker, and his assistance to Shenker to create phony invoices to conceal the kickback payments. Bell was prepared to testify at Shenker's trial scheduled for January 2007. Defendant Shenker was well aware that Bell had agreed to testify when Shenker admitted his guilt in January 2007, a couple of weeks prior to the start of his trial.

During his interview sessions, Bell candidly explained his role in the kickback scheme. His information was corroborated by documents and by other witnesses. His assistance was quite valuable to the Government in preparing its case for the grand jury and for Shenker's trial.

### D. DANGER OR RISK OF INJURY TO THE DEFENDANT OR HIS FAMILY RESULTING FROM HIS ASSISTANCE

The Government is unaware of any specific danger or risk of injury to the defendant or his family members as a result of his cooperation.

### E. THE TIMELINESS OF THE DEFENDANT'S ASSISTANCE

The defendant's assistance to the Government was timely. In 2004, during the investigation of the kickback scheme, Bell stepped forward, admitted his guilt and agreed to cooperate with the Government's investigation. This decision was timely in that it enabled the Government to use the information provided by Bell to obtain an indictment from a Bridgeport grand jury against Shenker in June 2006. The fact of Bell's plea and cooperation was made known to Shenker and his counsel during the prosecution of Shenker. Bell's willingness to testify at Shenker's trial was certainly a factor that led to Shenker's January 2007 guilty plea to a conspiracy charge in violation of 18 U.S.C. § 371.

In short, defendant Bell's cooperation directly led to a resolution of the investigation and

prosecution of Shenker as it permitted the Government to efficiently use its investigatory and prosecutorial resources.

## IV.   CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1.

>Respectfully submitted,
>
>JOHN H. DURHAM
>DEPUTY UNITED STATES ATTORNEY
>
>/S/
>RICHARD J. SCHECHTER
>SENIOR LITIGATION COUNSEL
>Federal Bar No. CT 24238
>915 Lafayette Boulevard
>Bridgeport, CT 06604
>Richard.Schechter@usdoj.gov
>(203) 696-3049
>(203) 579-5550 (Fax)
>
>/S/
>CHRISTOPHER W. SCHMEISSER
>ASSISTANT U.S. ATTORNEY
>Federal Bar No. CT 14806
>157 Church Street, 23d Floor
>New Haven, CT 06510
>Christopher.Schmeisser@usdoj.gov
>(203) 821-3700
>(203) 773-5378 (fax)

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Memorandum was forwarded by facsimile and U.S. mail, postage prepaid, to the following counsel on this the 23rd day of April 2007:

John Williams, Esquire
51 Elm Street, Suite 409
New Haven, Connecticut 06510
Counsel for defendant James Bell

/S/_____
RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL